**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION**

UNITED STATES OF AMERICA                                    RESPONDENT


VERSUS                              CRIMINAL ACTION NO. 5:07cr17-DCB-JCS-1
                                    CIVIL ACTION NO. 5:08cv206-DCB


MICHAEL EARL TYLER                                          PETITIONER

**ORDER**

This matter comes before the Court on the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [**criminal docket entry no. 216**]. Having considered the motion, memorandum in support and opposition thereof, the affidavit filed by the petitioner's former counsel, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds and orders as follows:

**I. BACKGROUND**

On October 25, 2007, Michael Earl Tyler ("Tyler" or "petitioner") pled guilty to one count of conspiracy to distribute more than fifty (50) grams of cocaine base and to one forfeiture count. At the time he entered his guilty plea, Tyler was represented by Honorable William Barnett. Prior to sentencing, Mr. Barnett died. The Court postponed sentencing and, pursuant to Tyler's request, substitute counsel was appointed for him.

Honorable Michael Knapp began representing Tyler on January 10, 2008, at which time the Presentence Investigation Report

("PSR") had been completed and the deadline for objecting to that report had passed. After Mr. Knapp reviewed the PSR with Tyler, a Motion to Set Aside the Plea [docket entry no. 165] and a number of objections to the PSR [docket entry nos. 172, 173] were filed. Tyler subsequently filed a Motion to Withdraw His Motion to Set Aside Plea Agreement, which this Court granted on February 19, 2008 [docket entry no. 174]. Tyler also ultimately withdrew all of his objections to the PSR.

On February 6, 2008, the defendant was sentenced to a 292-month term of imprisonment, a 5-year term of supervised release and a $1,500.00 fine. The remaining charges of the 17-count indictment were dismissed. Tyler did not appeal his conviction or sentence.

On May 23, 2008, the petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 22 U.S.C. § 2255, wherein he makes numerous allegations of ineffective assistance of counsel. Pursuant to this Court's Order, the petitioner's former counsel, Honorable Michael Knapp, filed an affidavit [docket entry no. 245] responding to the petitioner's allegations of ineffective assistance of counsel. The government filed its response in opposition of Tyler's motion [docket entry no. 247] on October 31, 2008. The petitioner's motion and all responses thereto are now before the Court.

## II. ARGUMENTS

In his Motion to Vacate, Set Aside or Correct Sentence, the

petitioner alleges four grounds on which he is entitled to relief:

- **Ground One**: Ineffective Assistance of Counsel. Tyler alleges that counsel was ineffective for failing to object to the drug quantity calculation used for sentencing purposes.

- **Ground Two**: Ineffective Assistance of Counsel. Tyler claims that counsel was ineffective for failing to object to the Court's application at sentencing of a two-level dangerous weapons enhancement and a four-level organizer or leader enhancement.

- **Ground Three**: Ineffective Assistance of Counsel. Petitioner argues that counsel acted ineffectively by not objecting to or appealing the issue of whether the petitioner's guilty plea was knowing, intelligent and voluntary.

- **Ground Four**: Ineffective Assistance of Counsel. Tyler asserts that counsel acted ineffectively for advising him to agree to the forfeiture. Tyler further claims that counsel should have objected to or appealed the fact that Tyler was induced into pleading guilty by a promise of a ten-year sentence.

In its response, the Government contends that these allegations of error are without merit. The Government first argues that Tyler is procedurally barred from bringing this action based on a waiver contained in the plea agreement. Alternatively, the Government contends that Tyler's claims lack substantive merit. The Court considers severally each party's arguments.

## III. ANALYSIS

The Government first argues that Tyler's Motion to Vacate, Set Aside or Correct Sentence pursuant to 22 U.S.C. § 2255 must be denied because it is procedurally barred. Specifically, the

Government points to the fact that, in his plea agreement, Tyler waived the right to collaterally attack his sentence. Tyler's plea agreement contained several waivers, including:

> a.   the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and

> b.   the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

Plea Agreement ¶14(a-b).

"An informed and voluntary waiver of § 2255 relief in a plea agreement is effective to bar such relief." United States v. Heredia, 1995 WL 581683 (5th Cir. Sept. 1, 1995) (unpublished) (citing United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994)). A court employs a two-step test to determine whether a waiver provision bars the collateral attack of a sentence: "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005); United States v. Carreon, 2009 WL 1043910 (S.D. Tex. April 17, 2009) (unpublished). Where the record of a change of plea hearing clearly evidences (1) that a defendant has read and understood the plea agreement and (2) that he raised no objections regarding the waiver of appeal provisions, "the defendant will be

held to the bargain to which he agreed." <u>United States v.</u>
<u>Portillo</u>, 18 F.3d 290, 293 (5th Cir. 1994); <u>Carreon</u>, 2009 WL
1043910 at *2. A defendant's "solemn declarations" made at his
change of plea hearing regarding the voluntariness of his plea
"carry a strong presumption of verity." <u>Evans v. United States</u>,
2009 WL 1324953 (N.D. Miss. May 12, 2009) (unpublished) (quoting
<u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)).

As noted above, Tyler's plea agreement contains express
waivers of his right to appeal and his right to collaterally attack
his sentence through a § 2255 proceeding. This plea agreement not
only describes the charge to which the defendant agreed to plead
guilty, but also expressly references the statutory term of
imprisonment, which ranges from ten (10) years to life in prison.
The agreement was signed by both Tyler and his counsel on October
25, 2007. Moreover, during the change of plea hearing, the Court
discussed with Tyler, among other things, (1) the statutory minimum
term of imprisonment; (2) the Court's discretion to impose a
sentence more severe or less severe than the guideline range; (3)
the voluntariness of his change of plea; (4) Tyler's reading and
comprehension of the plea agreement; and (5) Tyler's satisfaction
with his counsel. To each of these questions, Tyler indicated not
only that he had read and understood the agreement, including the
charge to which he was pleading guilty, but also that he was
entering into the agreement voluntarily and that he was satisfied

with the quality of representation he received by counsel.

These facts strongly support a conclusion that the plea agreement was made knowingly and voluntarily and that Tyler's § 2255 proceeding is barred by the waiver contained therein. However, the Fifth Circuit Court of Appeals has recognized that such a waiver may not be effective where the collateral attack is based on ineffective assistance of counsel. Id. (citations omitted). Importantly, a defendant's claims of ineffective assistance of counsel "survive[] a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." United States v. White, 307 F.3d 336, 343 (5th Cir. 2002).

The Court considers each of Tyler's arguments of ineffective assistance to see if they survive the waiver. Tyler's first and second allegations each pertain to the assistance he received during his sentencing. Specifically, Tyler argues that his counsel at sentencing, Michael Knapp, was ineffective in that he failed to object to certain aspects of the Presentence Investigation Report. Tyler does not assert, however, that these actions affect the validity of the underlying plea agreement or the waiver therein of the right to collaterally attack his sentence. Accordingly, these two arguments are barred by the waiver. See Wilburn v. United States, 2002 WL 32511243 (N.D. Tex. Oct. 7, 2002) (unpublished) (citing White, 307 F.3d at 336).

Tyler's third and fourth allegations are that his plea and waiver were not knowing and voluntary because they were based on ineffective assistance of his counsel, William Barnett, during plea negotiations.  Id. at 339.  According to Tyler, Barnett (1) never informed him that the dismissed counts would still be considered as relevant conduct for sentencing purposes and (2) never explained the impact of the waivers and stipulations contained in the plea agreement.  Tyler contends that, if he had known these things, he would not have entered a guilty plea but instead would have proceeded to trial. Because these arguments relate to the validity of the plea agreement, they are not barred by the waiver.

Turning then to the merits of Tyler's two ineffective assistance of counsel claims which survive the waiver, the Court first notes that the two-prong test articulated by the United States Supreme Court in United States v. Strickland, 466 U.S. 688 (1984), applies.  In order to prove ineffective assistance of counsel, the movant must show "(1) that his counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced his defense." United States v. Culverhouse, 507 F.3d 888, 895 (5th Cir. 2007) (citing Strickland, 466 U.S. at 687).  "If the Court finds that one of the Strickland requirements is not satisfied, it need not consider the other."  United States v. Assi, 2008 WL 346079 (S.D. Miss. Feb. 6, 2008) (unpublished) (citing Buxton v.

<u>Lynaugh</u>, 879 F.2d 140, 142 (5th Cir. 1989)).  As to the prejudice
prong, the movant must show "that there is a reasonable probability
that, but for counsel's unprofessional errors, the result of the
proceeding would have been different."  <u>Williams v. Taylor</u>, 529
U.S. 362, 390-91 (2000).  "In the context of a guilty plea, in
order to satisfy the prejudice requirement of the second <u>Strickland</u>
prong, 'the defendant must show that there is a reasonable
probability that, but for counsel's errors, <u>he would not have
pleaded guilty and would have insisted on going to trial</u>.'" <u>Assi</u>,
2008 WL 346079 (quoting <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985))
(emphasis added).

To reiterate, Tyler claims that he would not have pleaded
guilty if Barnett (1) had informed him that conduct in the
dismissed counts would still be considered relevant conduct for
sentencing purposes and (2) had fully advised him of the impact of
the waivers and stipulations contained in the plea agreement.
However, a review of the record shows that Tyler was informed both
in writing in the plea agreement and verbally in open court of the
minimum and maximum penalties for the crime to which he was
pleading guilty.  Moreover, at the hearing, the government reviewed
the waivers contained in the plea agreement, and the Court
impressed upon Tyler that it had the discretion to impose a penalty
above or below the guideline range.  Tyler, under oath, verbally
indicated his understanding of these conditions and proceeded to

8

plead guilty to the charge as outlined in the plea agreement. Considering this extensive disclosure to Tyler both in the plea agreement and in open court, this Court does not find that Tyler can show prejudice required for a successful challenge of ineffective assistance of counsel. Stated differently, because he possessed a thorough knowledge of the penalties that he faced and nevertheless decided to plead guilty, Tyler cannot show that he would have gone to trial had Mr. Barnett provided additional information. Accordingly, the Court finds Tyler's claims of ineffective assistance to be without merit.

Tyler also requests an evidentiary hearing on his motion. "A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) (citing United States v. Auten, 632 F.2d 478 (5th Cir. 1980)). Since the Court concludes that Tyler's motion, the files, and the records in this case clearly show that he is not entitled to relief, Tyler's request for an evidentiary hearing is denied.

## IV. CONCLUSION AND ORDER

Based upon the foregoing analysis, the Court finds the petitioner's motion to be without merit. Accordingly,

**IT IS HEREBY ORDERED** that the petitioner's Motion to Vacate, Set Aside or Correct Sentence [**docket entry no. 216**] is **DENIED**.

**SO ORDERED**, this the 20th day of July 2009.


                              <u>   s/ David Bramlette   </u>

                              UNITED STATES DISTRICT JUDGE