# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

UNITED STATES OF AMERICA

VERSUS					CRIMINAL ACTION NO. 5:07cr17-DCB-JCS

MICHAEL EARL TYLER					DEFENDANT

### ORDER

This cause is before the Court on the defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) [docket entry no. 266]. The defendant requests a reduction of his sentence pursuant to the recent amendments to the sentencing guidelines applicable to offenses involving cocaine base and the subsequent decision by the United States Sentencing Commission to make this amendment retroactive. Having carefully considered the motion, information provided by the United States Probation Office, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On October 25, 2007, the defendant entered a plea of guilty to count 2 of the indictment, which charged the defendant with conspiracy to distribute cocaine base, i.e. crack cocaine, pursuant to 21 U.S.C. § 841(a)(1). The defendant was sentenced on February 26, 2008, to a term of 292 months imprisonment, a five year term of supervised release, and a $1,500.00 fine. The defendant had a base offense level of 34 and his criminal history category was IV. His base level was increased by 4 levels because he was an organizer or

leader of a criminal activity that involved five or more participants or was otherwise extensive. His base level was also increased by 2 levels for possessing a dangerous weapon. The defendant received a 3 level downward reduction for acceptance of responsibility. As a result, the defendant was assessed a total offense level of 37 with a criminal history category of IV providing a guideline range of 292 to 365 months imprisonment. As previously stated, the Court sentenced him to the minimum 292 months.

Tyler now moves for a reduction of his sentence pursuant to Amendment 706 to the Sentencing Guidelines, which lowers the base offense levels applicable to crack cocaine offenses. Amendment 706 went into effect on November 1, 2007. On December 11, 2007, the United States Sentencing Commission determined that Amendment 706 would apply retroactively through United States Sentencing Guidelines Manual § 1B1.10, which became effective on March 3, 2008. The result of the amendment and its retroactivity is that this Court, pursuant to 18 U.S.C. § 3582(c)(2), has the discretion to reduce the terms of a defendant's imprisonment when certain criteria are met.

Tyler is not eligible for a reduction of his sentence pursuant to this amendment. Since Amendment 706 went into effect on November 1, 2007 and the defendant was not sentenced until February 26, 2008, the new guidelines--to whatever extent applicable to his case--have already been taken into consideration. Thus, the

defendant's request for a sentence reduction is without merit.

In addition, because the Court finds that the defendant is not eligible for any reduction pursuant to Amendment 706, his argument that Amendment 709 should be applied to a new sentence is moot.

### III. CONCLUSION AND ORDER

Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that the defendant's Motion for Reduction of Sentence [docket entry no. 266] is **DENIED**.

**IT IS FURTHER ORDERED** that all other terms and provisions of the original judgment remain unchanged and in full force and effect.

**SO ORDERED**, this the 5th day of October 2009.

          s/ David Bramlette

          **UNITED STATES DISTRICT JUDGE**